James S. O'Brien, Jr. (NY Bar No. 2104602) (admitted *pro hac vice*)
Daniel V. Derby (NY Bar No. 5091541) (admitted *pro hac vice*)
**PRYOR CASHMAN LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
jobrien@pryorcashman.com
dderby@pryorcashman.com

THE LAW FIRM OF
**HEURLIN SHERLOCK**
7320 N. La Cholla Blvd., Ste. 154#535
Tucson, Arizona 85741
Telephone: 520.319.1200
Kevin M. Sherlock, SBN 017489
KSherlock@AZtopLawyers.com

Attorneys for Plaintiff
TM Technologies, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TM Technologies, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Hand Technologies, Inc., et al., <br><br> Defendants. | No. 4:18-CV-286-TUC-JAS <br><br> **LRCiv 12.1(c) CERTIFICATE** |

Plaintiff TM Technologies, Inc. ("TM"), by and through its undersigned counsel, hereby certifies that Counsel for the parties "met and conferred" about TM's proposed motion to dismiss Hand's original counterclaims on February 27, 2019.  Specifically, TM relayed that it intended to move to dismiss Hand's original counterclaims on the following grounds:   (1) the breach of contract counterclaim ignored controlling language in the applicable contract; (2) the unjust enrichment counterclaims were improper as a matter of law because they were based on a contract governing the relationship between the parties; (3) the promissory and equitable estoppel counterclaims likewise were improper because they relied on promises under a valid contract; (4) the negligent misrepresentation counterclaims failed to plead justifiable reliance and were based upon promises of future conduct; (5) the intentional misrepresentation counterclaims failed to meet the particularity requirements of Fed. R. Civ. P. 9(b); (6) the interference with prospective advantage counterclaim failed to allege an actual business expectancy; and (7) the counterclaims for breach of the bailment agreements and for specific performance ignored contractual language precluding Hand's right to purchase TM's equipment.

In response, Defendants filed their First Amended Counterclaims, which added allegations of justifiable reliance to the negligent misrepresentation counterclaims, but otherwise repeated the same counterclaims which remain fatally flawed for the reasons listed.  Because the parties were unable to agree that the pleadings were curable by a permissible amendment, TM now offers its motion to dismiss Hand's counterclaims.

Dated: New York, New York
April 1, 2019

PRYOR CASHMAN LLP

By: /s/ James S. O'Brien, Jr.
James S. O'Brien, Jr. (admitted *pro hac vice*)
Daniel V. Derby (admitted *pro hac vice*)
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
jobrien@pryorcashman.com
dderby@pryorcashman.com

HEURLIN SHERLOCK
7320 N. La Cholla Blvd., Ste. 154#535
Tucson, Arizona 85741
TEL 520.319.1200
Kevin M. Sherlock, SBN 017489
KSherlock@AZtopLawyers.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Judy Brewer, certify that on April 1, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

*s/ Judy Brewer*
Judy Brewer

2