James S. O'Brien, Jr. (NY Bar No. 2104602) (admitted *pro hac vice*)
Daniel V. Derby (NY Bar No. 5091541) (admitted *pro hac vice*)
**PRYOR CASHMAN LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
jobrien@pryorcashman.com
dderby@pryorcashman.com

THE LAW FIRM OF
**HEURLIN SHERLOCK**
7320 N LA CHOLLA BLVD STE 154 #535
TUCSON, ARIZONA 85741
TEL 520.319.1200
Kevin M. Sherlock, SBN 017489, KSherlock@AZtopLawyers.com

Attorneys for Plaintiff
TM Technologies, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TM Technologies, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Hand Technologies, Inc., et al., <br><br> Defendants. | **No. 4:18-CV-286-TUC-DCB** <br><br> **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' FIRST AMENDED COUNTERCLAIMS** |

Plaintiff TM Technologies, Inc. (the "Company" or "Plaintiff"), by its attorneys Pryor Cashman LLP and Heurlin Sherlock, as and for its Answer ("Answer") to Defendants'[1] First Amended Counterclaims (ECF No. 55; the "Amended Counterclaims"), hereby alleges as follows:  Pursuant to this Court's order dated and filed September 24, 2019 (the "September 24, 2019 Order"), the Court dismissed Counterclaims II, V, VIII, IX, X, XI, and XII (including the counterclaim for specific performance) asserted by defendants Hand Technologies, Inc. ("Hand Technologies") and Rex Alan Hand ("Hand," and collectively, "Defendants").[2]

1. In response to Paragraph 1 of the Amended Counterclaims, Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 244 of the Company's First Amended Complaint (ECF No. 37) as if fully set forth herein.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Counterclaims.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Counterclaims.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Counterclaims.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Counterclaims.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Counterclaims.

---

[1] Defendant Cynthia Hand was dismissed from this action pursuant to an order of this Court filed on September 25, 2019.  (*See* ECF No. 78.)

[2] For the avoidance of doubt, the Company denies each and every allegation contained in the Amended Counterclaims, including all headings and subheadings, that is not specifically admitted to be true in the following paragraphs of this Answer.

1

7. Denies the allegations in Paragraph 7, except admits that Steinmetz is on the Company's board of directors and, as a board member, helps to oversee the Company's activities.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Denies the allegations in Paragraph 9, except admits that the Company and Hand Technologies entered into the Invention Assignment Agreement,[3] NDA, Phase One Contract, Phase Two Contract, the $250,000 Contract Addition, the November 2016 Amendment, Bailment Agreement #1, and Bailment Agreement #2, and respectfully refers the Court to those agreements for the terms, conditions, provisions, and meaning thereof.

10. Denies the allegations in Paragraph 10, except admits that an IP core or block may be a reusable unit of logic, cell, or integrated circuit.

11. Denies the allegations in Paragraph 11.

12. Denies the allegations in Paragraph 12.

13. Denies the allegations in Paragraph 13.

14. Denies the allegations in Paragraph 14, except admits that the Company and Hand Technologies entered into the Invention Assignment Agreement, NDA, Phase One Contract, Phase Two Contract, the $250,000 Contract Addition, the November 2016 Amendment, Bailment Agreement #1, and Bailment Agreement #2, and respectfully refers the Court to those agreements for the terms, conditions, provisions, and meaning thereof.

15. Denies the allegations in Paragraph 15, and avers that, under the Phase One Contract, Hand Technologies agreed to evaluate the viability of developing TM into a digital format, and Hand Technologies concluded that developing TM into a

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Plaintiff's First Amended Complaint (ECF No. 37).

2

digital format was viable.  Plaintiff avers that Hand Technologies' conclusion under the Phase One Contract became the basis for the next step of the project, set forth in the Phase Two Contract.

16. Denies the allegations in Paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 as to what "Hand Technologies discovered."

18. Denies the allegations in Paragraph 18.

19. Denies the allegations in Paragraph 19.

20. Denies the allegations in Paragraph 20.

21. Denies the allegations in Paragraph 21.

22. Denies the allegations in Paragraph 22.

23. Denies the allegations in Paragraph 23.

24. Denies the allegations in Paragraph 24, except admits that Hand Technologies failed to meet the milestones in the Phase Two Contract and November 2016 Amendment.

25. Denies the allegations in Paragraph 25.

26. Denies the allegations in Paragraph 26, and respectfully refers the Court to the Phase Two Contract for the terms, conditions, provisions, and meaning thereof.

27. Denies the allegations in Paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 as to what "Hand Technologies studied . . . and developed."

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Denies the allegations in Paragraph 31, except admits that Hand Technologies failed to deliver the promised contract deliverables to the Company.

32. Admits the allegations in Paragraph 32, and avers that despite repeated assurances from Defendants that they were very close to achieving the contractual milestones, Defendants never delivered the promised contract deliverables to the Company.

33. Denies the allegations in Paragraph 33.

34. Denies the allegations in Paragraph 34.

35. Denies the allegations in Paragraph 35, and avers that Defendants never completed the Phase Two Contract, the $250,000 Contract Addition, and the November 2016 Amendment.

36. Denies the allegations in Paragraph 36, and respectfully refers the Court to Patent No. 9882764 for the true and complete contents thereof.

37. Denies the allegations in Paragraph 37.

38. Denies the allegations in Paragraph 38.

39. Denies the allegations in Paragraph 39.

40. Denies the allegations in Paragraph 40.

41. Denies the allegations in Paragraph 41, and respectfully refers the Court to the November 2016 Amendment for the true and complete contents thereof.

42. Denies the allegations in Paragraph 42.

43. Denies the allegations in Paragraph 43.

44. Denies the allegations in Paragraph 44, and respectfully refers the Court to the November 2016 Amendment for the true and complete contents thereof.

45. Denies the allegations in Paragraph 45.

46. Denies the allegations in Paragraph 46.

47. Denies the allegations in Paragraph 47.

48. Denies the allegations in Paragraph 48, except to deny knowledge or information sufficient to form a belief as to the truth of what "Hand Technologies was surprised to find out."

49. Denies the allegations in Paragraph 49.

50. Denies the allegations in Paragraph 50.

51. Denies the allegations in Paragraph 51.

52. Denies the allegations in Paragraph 52, and respectfully refers the Court to the writing referenced therein for the true and complete contents thereof.

53. Denies the allegations in Paragraph 53, and respectfully refers the Court to the $250,000 Contract Addition for the true and complete contents thereof.

54. Denies the allegations in Paragraph 54.

55. Denies the allegations in Paragraph 55.

56. Denies the allegations in Paragraph 56.

57. Denies the allegations in Paragraph 57.

58. Denies the allegations in Paragraph 58.

59. Denies the allegations in Paragraph 59.

60. Denies the allegations in Paragraph 60.

61. Denies the allegations in Paragraph 61.

62. Denies the allegations in Paragraph 62.

63. Denies the allegations in Paragraph 63.

64. Denies the allegations in Paragraph 64.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Amended Counterclaims.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Amended Counterclaims.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Amended Counterclaims.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Amended Counterclaims, except to admit that Steinmetz is on the Company's board of directors and, as a board member, helps to oversee the Company's activities.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Amended Counterclaims.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Amended Counterclaims.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Amended Counterclaims.

72. Denies the allegations in Paragraph 72, except admits that Hand Technologies demanded additional money above what was contractually owed to it.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Amended Counterclaims.

74. Denies the allegations in Paragraph 74, except to the extent the allegations concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of those allegations.

75. Denies the allegations in Paragraph 75, except to the extent the allegations concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of those allegations.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77. Denies the allegations in Paragraph 77.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Amended Counterclaims.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Amended Counterclaims.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Amended Counterclaims.

81. Denies the allegations in Paragraph 81.

82. Denies the allegations in Paragraph 82.

83. Denies the allegations in Paragraph 83.

84. Denies the allegations in Paragraph 84.

85. Denies the allegations in Paragraph 85.

86. Denies the allegations in Paragraph 86.

87. Denies the allegations in Paragraph 87.

88. Denies the allegations in Paragraph 88.

89. Denies the allegations in Paragraph 89.

90. Denies the allegations in Paragraph 90.

**Count I: Breach of Contract, Original Engineering Services Agreement**

91. Plaintiff alleges and incorporates by reference all of the preceding responses to Paragraphs 1 through 90 of the Amended Counterclaims as if fully set forth herein.

92. Paragraph 92 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

93. Paragraph 93 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

94. Paragraph 94 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

95. Paragraph 95 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

96. Paragraph 96 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

**Count II: Unjust Enrichment Relating to First Engineering Services Agreement**

97. Plaintiff avers that given the September 24, 2019 Order, the allegations in Paragraphs 97 through 102 are no longer relevant to this action and on that basis denies them. To the extent a response is required, Plaintiff denies them.

**Count III: Promissory and Equitable Estoppel Relating to First Engineering Services Agreement**

98. Plaintiff alleges and incorporates by reference all of the preceding responses to Paragraphs 1 through 102 of the Amended Counterclaims as if fully set forth herein.

99. Plaintiff denies the allegations in Paragraph 104.

100. Plaintiff denies the allegations in Paragraph 105.

101. Paragraph 106 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

102. Paragraph 107 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations concern Plaintiff, Plaintiff denies the allegations. To the extent the allegations in Paragraph 107 concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

103. Paragraph 108 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations concern Plaintiff, Plaintiff denies the allegations. To the extent the allegations in Paragraph 108 concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

104. Paragraph 109 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

105. Paragraph 110 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

106. Paragraph 111 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

**Count IV: Negligent Misrepresentation**

107. Plaintiff alleges and incorporates by reference all of the preceding responses to Paragraphs 1 through 111 of the Amended Counterclaims as if fully set forth herein.

108. Plaintiff avers that given the September 24, 2019 Order, the allegations in Paragraphs 113 through 116 are no longer relevant to this action and on that basis denies them. To the extent a response is required, Plaintiff denies them.

109. Plaintiff denies the allegations in Paragraph 117, except to the extent the allegations concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

110. Paragraph 118 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations concern Plaintiff, Plaintiff denies the allegations. To the extent the allegations in Paragraph 118 concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

111. Plaintiff denies the allegations in Paragraph 119, except to the extent the allegations concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

112. Paragraph 120 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

113. Paragraph 121 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations concern Plaintiff, Plaintiff denies the allegations. To the extent the allegations in Paragraph 121 concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

114. Paragraph 122 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations concern Plaintiff, Plaintiff denies the allegations. To the extent the allegations in Paragraph 122 concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**Count V: Intentional Misrepresentation**

115. Plaintiff avers that given the September 24, 2019 Order, the allegations in Paragraphs 123 through 133 are no longer relevant to this action and on that basis denies them. To the extent a response is required, Plaintiff denies them.

**Count VI: Interference with Prospective Advantage**

116. Plaintiff alleges and incorporates by reference all of the preceding responses to Paragraphs 1 through 133 of the Amended Counterclaims as if fully set forth herein.

117. Plaintiff denies the allegations in Paragraph 135.

118. Plaintiff denies the allegations in Paragraph 136, except to the extent the allegations concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

119. Paragraph 137 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations concern Plaintiff, Plaintiff denies the allegations. To the extent the allegations in Paragraph 137 concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

120. Plaintiff denies the allegations in Paragraph 138, except to the extent the allegations concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

121. Plaintiff denies the allegations in Paragraph 139.

122. Plaintiff denies the allegations in Paragraph 140.

123. Plaintiff denies the allegations in Paragraph 141.

124. Paragraph 142 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations concern Plaintiff, Plaintiff denies the allegations. To the extent the allegations in Paragraph 142 concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

125. Plaintiff denies the allegations in Paragraph 143.

126. Plaintiff denies the allegations in Paragraph 144, except to the extent the allegations concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

127. Paragraph 145 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations concern Plaintiff, Plaintiff denies the allegations. To the extent the allegations in Paragraph 145 concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

128. Paragraph 146 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

**Count VII: Unjust Enrichment Relating to Development of Unbalanced Side Lobe Modulation**

129. Plaintiff alleges and incorporates by reference all of the preceding responses to Paragraphs 1 through 146 of the Amended Counterclaims as if fully set forth herein.

130. Plaintiff denies the allegations in Paragraph 148, except to the extent the allegations concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

131. Paragraph 149 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations concern Plaintiff,

Plaintiff denies the allegations. To the extent the allegations in Paragraph 149 concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

132.   Plaintiff denies the allegations in Paragraph 150, except to the extent the allegations concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

133.   Plaintiff denies the allegations in Paragraph 151.

134.   Paragraph 152 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations concern Plaintiff, Plaintiff denies the allegations. To the extent the allegations in Paragraph 152 concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

135.   Plaintiff denies the allegations in Paragraph 153.

136.   Paragraph 154 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

137.   Paragraph 155 sets forth legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

138.   Paragraph 156 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations concern Plaintiff, Plaintiff denies the allegations. To the extent the allegations in Paragraph 156 concern third parties, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**Count VIII Through Count XII**

139.   Plaintiff avers that given the September 24, 2019 Order, the allegations in Paragraphs 157 through 188 are no longer relevant to this action and on that basis denies them. To the extent a response is required, Plaintiff denies them.

# AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

140. The Amended Counterclaims fail to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

141. Documentary evidence provides a complete defense to the allegations in the Amended Counterclaims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

142. The Amended Counterclaims are barred by the express terms of the relevant agreements, including the Phase Two Contract.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

143. Defendants have conceded that their sixth counterclaim, interference with prospective advantage, is insufficiently pleaded and have failed to amend that claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

144. The Amended Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

145. Defendants will be unjustly enriched if they are permitted to recover any alleged damages related to the relevant agreements, including the Phase Two Contract, $250,000 Contract Addition, and November 2016 Amendment.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

146. The Amended Counterclaims are barred because Defendants cannot show justifiable reliance.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

147. The Amended Counterclaims are barred because Defendants failed to perform under the relevant agreements, including the Phase Two Contract, $250,000 Contract Addition, and November 2016 Amendment.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

148. Any damages suffered by Defendants are the result of their own acts or omissions.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

149. The Amended Counterclaims are barred in whole or in part by the doctrine of estoppel.

### RESERVATION OF RIGHTS

150. Plaintiff reserves the right to amend this pleading to assert any additional affirmative defenses that may become apparent through discovery or otherwise.

**WHEREFORE,** Plaintiff respectfully requests that the Amended Counterclaims be dismissed in their entirety, as well as such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 8, 2019

PRYOR CASHMAN LLP

By: *s/ James S. O'Brien, Jr.*
James S. O'Brien, Jr. (admitted *pro hac vice*)
Daniel V. Derby (admitted *pro hac vice*)
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
jobrien@pryorcashman.com
dderby@pryorcashman.com

THE LAW FIRM OF
**HEURLIN SHERLOCK**
7320 N LA CHOLLA BLVD STE 154 #535
TUCSON, ARIZONA 85741
TEL 520.319.1200
Kevin M. Sherlock, SBN 017489,
KSherlock@AZtopLawyers.com

*Attorneys for Plaintiff TM Technologies, Inc.*

14

# CERTIFICATE OF SERVICE

I, Daniel V. Derby, certify that on October 8, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

*s/ Daniel V. Derby*
Daniel V. Derby