James S. O'Brien, Jr. (NY Bar No. 2104602) (admitted *pro hac vice*)
Daniel V. Derby (NY Bar No. 5091541) (admitted *pro hac vice*)
**PRYOR CASHMAN LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
jobrien@pryorcashman.com
dderby@pryorcashman.com

THE LAW FIRM OF
**HEURLIN SHERLOCK**
7320 N LA CHOLLA BLVD STE 154 #535
TUCSON, ARIZONA 85741
TEL 520.319.1200
Kevin M. Sherlock, SBN 017489, KSherlock@AZtopLawyers.com

Attorneys for Plaintiff
TM Technologies, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TM Technologies, Inc., <br><br>  Plaintiff, <br><br> v. <br><br> Hand Technologies, Inc., et al., <br><br>  Defendants. | **No. 4:18-CV-286-TUC-DCB** <br><br> **MOTION TO DISMISS COUNTS IV, VI, AND X OF DEFENDANTS' SECOND AMENDED COUNTERCLAIMS** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff TM Technologies, Inc. (the "Company" or "Plaintiff") submits this motion to dismiss Counts IV, VI, and X of the Second Amended Counterclaims of defendants Hand Technologies, Inc. ("Hand Technologies") and Rex Alan Hand ("Hand," and collectively, "Defendants") for failure to state a claim.

In compliance with District of Arizona Local Rule 12.1(c), on October 17, 2019, the Company's counsel emailed Defendants' attorney to notify him of certain deficiencies in the Second Amended Counterclaims. Specifically, the Company's counsel told Defendants' counsel:

1. Count IV, Negligent Misrepresentation, fails to state a claim because you have deleted Paragraph 116, which contains an essential element of the counterclaim (*i.e.*, an alleged promise). Without this element, your counterclaim is insufficiently pleaded.

2. Count VI, Interference with Prospective Advantage, is deficient due to Defendants' failure to identify "a valid contractual relationship or business expectancy" possessed by Defendants, and that TM Technologies knew of that relationship or business expectancy and intentionally interfered with it. *See Crestwood Capital Corp. v. Andes Industries Inc.*, 2016 WL 3457952 (D. Ariz. June 24, 2016). In the Second Amended Counterclaims, you include new allegations regarding the 8/6/18 TM Press Release. But those allegations fail to support your counterclaim for at least two reasons: (a) Defendants never had a contractual relationship or business expectancy with Telecom; TM's contractual relationship or business expectancy cannot support Defendants' interference with prospective advantage; and (b) the 8/6/18 TM Press Release did not concern Unbalanced Side Lobe Modulation, which is clear from the undisputed fact that Defendants never turned over Unbalanced Side Lobe Modulation to TM Technologies.

3. Count X, Breach of Escrow Duties, remains deficient because your amendments fail to address the failure that the Court noted in its 9/24/19 Decision. Specifically, the counterclaim offers nothing but a conclusory allegation that an escrow agreement was formed.

A copy of the October 17, 2019 email is attached as Exhibit "A" to the accompanying declaration of James S. O'Brien, Jr.

Defendants' counsel never responded to the Company's Local Rule 12.1(c) notification. Thus, given Defendants' failure to correct their pleading, the Company respectfully requests that the Court dismiss Counts IV, VI, and X of Defendants' Second Amended Counterclaims.

**ARGUMENT**

**A.    Counterclaim X (Breach of Escrow)**
   **Should Be Dismissed Because Defendants Fail To**
   **Plausibly Allege The Existence Of An Escrow Agreement**

In its order filed September 24, 2019 (the "September 2019 Order"), the Court dismissed Defendants' breach of escrow counterclaims "because Hand Tech fails to allege the existence of any escrow account or other fact to support an assertion of a breach of escrow duties." (ECF No. 77 at 13.) In the Second Amended Counterclaims, Defendants attempt to resurrect that counterclaim by adding additional allegations. However, those additional allegations fail yet again to provide sufficient factual allegations regarding the establishment or existence of an escrow agreement. Thus, Defendants' amended breach of escrow duties counterclaim should be dismissed.

Defendants' additional allegations are as follows:

- "Upon information and belief, TerraNova and Steinmetz hold in escrow for the benefit of Hand Technologies $500,000 of TM's funds as promised. As such, TerraNova and Steinmetz undertook legally binding duties to Hand Technologies to hold the funds as promised, and then to release them to Hand Technologies

2

- "Hand Technologies relied on those promises that the $500,000 of TM's funds would be held in escrow to ensure payment to Hand Technologies for the work it agreed to undertake."  (ECF No. 83, p. 68, ¶ 173.)

- "The release of the $500,000 to TM by TerraNova and Steinmetz breached the duties they had to comply with the terms of the escrow agreement, that the funds were held for the specific purpose of compensating Hand Technologies for work completed.  TM was complicit in the this [sic] conduct to the damage of Hand Technologies, accepting the funds when it knew Hand Technologies had agreed to work for free based on the security of these funds being held for its benefit by TerraNova."  (ECF No. 83, p. 68, ¶ 174.)

upon completion of its work."  (ECF No. 83, p. 67, ¶ 172.)

Defendants merely have added additional conclusory allegations that an escrow agreement existed, and those additional allegations do nothing to remedy the fatal defect identified by the Court – Defendants' failure "to allege the existence of any escrow account."  (ECF No. 77 at 13.)  *See also Gruender v. Rosell*, 2010 WL 2079759, at *3 (D. Ariz. May 24, 2010) (finding that plaintiff's mere belief that "the funds were going to be escrowed at [defendant's] office" was insufficient to establish an escrow agreement).  Thus, the Company respectfully requests that Defendants' counterclaim for breach of escrow duties be dismissed yet again.

**B.  Counterclaim IV (Negligent Misrepresentation) Should Be Dismissed Because Defendants Have Deleted An Essential Element**

In the September 2019 Order, the Court dismissed the first claim in Count IV because it was "nothing more than a claim based on a future promise to pay," while sustaining the second part of this counterclaim.  (ECF No. 77 at 10.)  However, in its Second Amended Counterclaims, Defendants inexplicably deleted Paragraph 116, which contains an essential element relating to that second claim.  (*See* ECF No. 83, p. 58, ¶ 116.)  Negligent misrepresentation requires, *inter alia*, an allegation that the

3

1  defendant gave "false information intended for the guidance of others."  *Arnold &*
2  *Assocs., Inc. v. Misys Healthcare Systems*, 275 F. Supp. 2d 1013, 1029 (D. Ariz. 2003).
3  Here, Defendants' deletion of Paragraph 116 has removed the factual allegation
4  supporting that element from their pleading.  Therefore, the second claim in Count IV
5  should be dismissed.

6  **C.   Counterclaim VI (Interference with Prospective Advantage)**
7  **Should Be Dismissed Because Defendants Fail To Allege**
8  **<u>A Relationship Between Hand Technologies And Another Party</u>**

9  In response to the Company's prior motion to dismiss the Amended
10 Counterclaims (ECF No. 62), Defendants conceded that their interference with
11 prospective advantage counterclaim was insufficiently pleaded.[1]  (*See* ECF No. 65 at 12.)
12 Thus, in the Second Amended Counterclaims, Defendants added two additional factual
13 allegations in support of that counterclaim.  (ECF No. 83, ¶¶ 134, 140.)  Rather than
14 curing that deficiency, however, Defendants' amendments clearly show that this
15 counterclaim remains fatally defective.

16 A claim for interference with prospective advantage requires a party to prove "(1)
17 it had a valid contractual relationship or business expectancy; (2) the defendant knew of
18 the relationship or business expectancy; (3) the defendant intentionally interfered, which
19 induced or caused a breach or termination of the relationship or expectancy; and (4) the
20 plaintiff incurred damages as a result of the disrupted relationship or expectancy."
21 *Crestwood Capital Corp. v. Andes Industries Inc.*, 2016 WL 3457952, at *19 (D. Ariz.
22 June 24, 2016).  "[T]he interference <u>must</u> be with a prospective relationship between the
23 <u>plaintiff</u> and another party."  *Two Brothers Distrib. Inc. v. Valero Mktg. & Supply Co.*,
24 270 F. Supp. 3d 1112, 1130 (D. Ariz. 2017) (emphasis added).

---

[1] In the September 2019 Order, the Court noted that this counterclaim was "poorly plead."  (ECF No. 77 at 12.)  However, the Court noted that "defendants agree that the counter claim . . . does not contain enough detail" and that "Defendants request leave to amend."  (*Id.* at 12 n.7.)

4

Here, Defendants have added the following two allegations in their Second Amended Counterclaims:

- "Hand Technologies has been in business for decades, with substantial contracts and relationships with multinational telecommunications corporations, military contractors, the U.S. Armed Forces, and other independent contractors with expertise in the radio and mobile communications field" (ECF No. 83, ¶ 134.); and

- "The technology Hand Technologies developed is valuable, as TM itself has proven in the press release (Document 42 in this action) identifying that <u>TM had negotiated and entered into a licensing agreement</u> with a telecommunications company. . . .  TM took the licensing opportunity identified in its press release for itself, and deprived Hand Technologies from marketing and obtaining this very contract and other opportunities to partner with this company, or from marketing the technology to other telecommunication companies." (ECF No. 83, ¶ 140 (emphasis added.)

As these amendments demonstrate, Defendants base their interference with prospective advantage counterclaim on the allegation that <u>the Company</u> (not Hand Technologies) entered into a licensing agreement with a telecommunications company. That allegation cannot support Defendants' counterclaim.  *See Two Brothers*, 270 F. Supp. 3d at 1130; *see also Crestwood Capital*, 2016 WL 3457952, at *19.[2]  Therefore, the Company respectfully requests that the Court dismiss Count VI.

---

[2] Defendants also base this counterclaim on the allegation that the Company's license agreement concerned "Unbalanced Side Lobe Modulation."  (*See* ECF No. 83, ¶ 138.)  However, Defendants fail to explain how that can be when Defendants concede their refusal to give the Company that technology.  (*See id.*, ¶ 140 (alleging that the Company has "demand[ed] that Hand Technology turn [unbalanced side lobe modulation] over to TM, while refusing to pay Hand Technologies [for] its product . . . .").

5

## CONCLUSION

For the reasons stated above, the Company requests that the Court grant its Motion to Dismiss Counts IV, VI, and X of Defendants' Second Amended Counterclaims, with prejudice, and for such other and further relief this Court deems just and proper.

Dated:   New York, New York
         October 23, 2019

                        PRYOR CASHMAN LLP

                        By:   *s/ James S. O'Brien, Jr.*
                              James S. O'Brien, Jr. (admitted *pro hac vice*)
                              Daniel V. Derby (admitted *pro hac vice*)
                        7 Times Square
                        New York, New York 10036-6569
                        Telephone: (212) 421-4100
                        Facsimile: (212) 326-0806
                        jobrien@pryorcashman.com
                        dderby@pryorcashman.com

                        THE LAW FIRM OF
                        **HEURLIN SHERLOCK**
                        7320 N LA CHOLLA BLVD STE 154 #535
                        TUCSON, ARIZONA 85741
                        TEL 520.319.1200
                        Kevin M. Sherlock, SBN 017489,
                        KSherlock@AZtopLawyers.com

                        *Attorneys for Plaintiff TM Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I, Daniel V. Derby, certify that on October 23, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

*s/ Daniel V. Derby*
Daniel V. Derby