# Derby, Daniel V.

| | |
|---|---|
| **From:** | Derby, Daniel V. |
| **Sent:** | Thursday, October 17, 2019 3:15 PM |
| **To:** | 'Roy McCandless' |
| **Cc:** | O'Brien, Jr. James S. |
| **Subject:** | Local Rule 12.1(c) Notification |

Dear Roy,

Pursuant to District of Arizona Local Rule 12.1(c), we write to inform you of certain deficiencies in your Second Amended Counterclaims. Specifically, we believe your pleading has the following three deficiencies:

1. Count IV, Negligent Misrepresentation, fails to state a claim because you have deleted Paragraph 116, which contains an essential element of the counterclaim (i.e., an alleged promise). Without this element, your counterclaim is insufficiently pleaded.

2. Count VI, Interference with Prospective Advantage, is deficient due to Defendants' failure to identify "a valid contractual relationship or business expectancy" possessed by Defendants, and that TM Technologies knew of that relationship or business expectancy and intentionally interfered with it. *See Crestwood Capital Corp. v. Andes Industries Inc.*, 2016 WL 3457952 (D. Ariz. June 24, 2016). In the Second Amended Counterclaims, you include new allegations regarding the 8/6/18 TM Press Release. But those allegations fail to support your counterclaim for at least two reasons: (a) Defendants never had a contractual relationship or business expectancy with Telecom; TM's contractual relationship or business expectancy cannot support Defendants' interference with prospective advantage; and (b) the 8/6/18 TM Press Release did not concern Unbalanced Side Lobe Modulation, which is clear from the undisputed fact that Defendants never turned over Unbalanced Side Lobe Modulation to TM Technologies.

3. Count X, Breach of Escrow Duties, remains deficient because your amendments fail to address the failure that the Court noted in its 9/24/19 Decision. Specifically, the counterclaim offers nothing but a conclusory allegation that an escrow agreement was formed.

Per LR 12.1(c), please let us know your response to these three points. We are planning to file a motion to dismiss these three amended counterclaims but are notifying you ahead of time to discuss whether your pleading is curable in any part.

Thank you.

Best,

Dan

_____

**DANIEL V. DERBY**
Associate
**PRYOR CASHMAN LLP**
7 Times Square, New York, NY 10036-6569
dderby@pryorcashman.com

Direct Tel: 212-326-0438
Direct Fax: 212-515-6964

www.pryorcashman.com

*A member of Interlaw, an International Association of Independent Law Firms*