**LAW OFFICE OF LYNN ERIC GOAR, P.C.**
1955 WEST GRANT ROAD #125G
TUCSON, ARIZONA 85745-1470
(520) 740-1447/FAX (520) 829-3620
lynn.goar@hotmail.com

LYNN ERIC GOAR, ESQ.
(State Bar of Arizona #12484)
ROY S. McCANDLESS, ESQ.
(State Bar of N.H. 11850, *pro hac vice*)
Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| TM Technologies, Inc, Plaintiff,<br><br>v.<br><br>Hand Technologies, Inc., et al., Defendants. | No. 4:18-CV-286-TUC-JAS<br><br>**OBJECTION TO MOTION TO DISMISS COUNTS IV, VI, AND X OF DEFENDANTS' SECOND AMENDED COUNTERCLAIMS** |

The Hand Defendants file this Objection to the Plaintiff's Motion to Dismiss Counts IV, VI, and X of Defendants' Second Amended Counterclaims. This Objection is supported by the following Memorandum of Points and Authorities and the Answer and Counterclaims of the Hand Defendants.

Dated: November 6, 2019.

**LAW OFFICE OF LYNN ERIC GOAR, P.C.**

/s/ Lynn Goar

1

LYNN ERIC GOAR

**McCANDLESS & NICHOLSON, PLLC**

**/s/** ROY S. McCANDLESS
Pro Hac Vice

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STANDARD OF REVIEW

To sufficiently plead a cause of action, "[f]ederal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relie[f].'" JoshuaDavid Mellberg, LLC v. Will, No. CV-14-02025-TUC-CKJ (CRP), 2016 WL 4592181, at *1 (D. Ariz. Jan. 22, 2016). In other words, "[t]he complaint must contain a set of facts Case 4:18-cv-00286-JAS that serves to place the defendant on notice as to the nature and basis of the claims." Id.   "'To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face;' that is, plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Joshua David Mellberg, LLC, 2016 WL 4592181 at *2 (brackets in original) (quoting Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010)). As set forth below, the Hand Defendants/Counterclaimants have sufficiently pleaded its counterclaims.

## II.   LEGAL ARGUMENT

### 1.   Counterclaim Count X: Breach of Escrow Agreement.

The Amended Count X for breach of escrow  does allege that Steinmetz and

1  TerraNova acting as agents and investment bankers entrusted with holding TM funds

2  promised to hold those funds in escrow to induce Hand Technologies to continue working

3  on TM's projects despite TM's failures to pay Hand Technologies as agreed.  See ECF No.

4  83 at p. 51, ¶73 and Ex. L referred to therein; p. 52-53, ¶¶76-81; ¶ 172.  TM fails to refer to

5  these specific allegations demonstrating who made the promises, what was promised, for

6  what reason, why reliance on the promises were reasonable, and the breach of the promises

7  and damage.   TerraNova was to hold $500,000 in its account, under the rules governing it

8  as an investment bank, until Rincon certified that Unbalanced Side Modulation worked.  Id.

9   It would then release the funds to Hand Technologies as partial payment of the outstanding

10  balance owed of $591,850.  Id.

11      This was no mere belief but representations by an investment banker, holding funds

12  raised for TM, and a member of TM's board of directors.  There is no need for a written

13  escrow agreement. A.R.S. § 44-101 (statute of frauds);  see, e.g., Faust v. Hill-Powers

14  Finance Corp., 178 La. 170 (La. 1933) (acknowledging validity of verbal escrow

15  agreement).

16      **2.      Count IV: Negligent Representation.**

17      TM is correct that the Second Amended Complaint omitted paragraph 116 that

18  contained an essential element of its negligent representation claim. That was a mistake

19  and Hand Technologies requests leave to amend to reinsert paragraph 116:

20      116.   Furthermore, TM, through TerraNova its investment banker and its
       board member John Steinmetz, induced Hand Technologies to work without
21      pay on developing the Unbalanced Sidelobe Modulation by promising that
       TerraNova would hold $500,000 of TM's funds in escrow for the benefit of
22      Hand Technologies as payment toward the outstanding amounts owed under

1    the ESA.

2    Hand Technologies' Negligent Misrepresentation claim does allege a misrepresentation of

3    fact, and not just future conduct:  that Steinmetz at the time he made the representations that

4    (a) the funds of TM held in the TerraNova escrow account was the same as and secure  as

5    an escrow account in a commercial bank, (b) that as an investment bank operating under

6    SEC rules and regulations, TerraNova had to remain available, and (c) that it was not

7    possible for TM Technologies to gain access to the money without going to court, he knew

8    or the representations were false.  That is, he had no intention of holding the money for

9    Hand Technologies short of a court order, but made the statements only to induce reliance.

10    Steinmetz had no intention to hold the funds in escrow.  His statement of false

11    intention is a misrepresentation of fact.  Indeed, discovery will tell if he ever did place funds

12    in escrow.

13    **3.      Counterclaim Counts VI: Interference with Prospective Advantage.**

14    Defendants have pled facts of a business expectancy that TM admitted it had

15    obtained due to the work Hand Technologies performed and which, because of TM's

16    conduct, prohibited Hand Technologies from obtaining.  Hand Technologies' decades of

17    business experience and relationships coupled with TM's success in marketing the

18    intellectual property satisfy the notice pleading required for its interference with prospective

19    advantage claim.  It is reasonable to infer from the facts alleged that TM interfered with

20    Hand Technologies' reasonable prospects in marketing the technology when TM was

21    successful in doing so.

22    **III.    CONCLUSION**

4

1    For the reasons stated above the Plaintiff's motion to dismiss counts IV, VI, and X

2  of Defendants' second amended counterclaims should be denied.    In the alternative,

3  Counterclaim Defendants should be granted leave to amend to cure any deficiencies.

4    Dated: November 6, 2019.

5                                        **LAW OFFICE OF LYNN ERIC GOAR, P.C.**

6                                        /s/Lynn Goar

7                                        LYNN ERIC GOAR

8                                              And

9                                        **McCANDLESS & NICHOLSON, PLLC**

10                                       **/s/** ROY S. McCANDLESS
                                         Pro Hac Vice

11

12

    Copy mailed November 6, 2019, to:
13
    James S. O'Brien, Jr.
14  Daniel V. Derby
    Pryor Cashman LLP
15  7 Times Square
    New York, NY 10036
16
    Kevin M. Sherlock
17  The Law Firm of Heurlin Sherlock
    1636 N. Swan Road, Ste. 200
18  Tucson, AZ 85712-4096

19

20

21

22

5