**LAW OFFICE OF LYNN ERIC GOAR, P.C.**
1955 WEST GRANT ROAD #125G
TUCSON, ARIZONA 85745-1470
(520) 740-1447/FAX (520) 829-3620
lynn.goar@hotmail.com

LYNN ERIC GOAR, ESQ.
(State Bar of Arizona #12484)
ROY S. McCANDLESS, ESQ.
(State Bar of N.H. 11850, *pro hac vice*)
Attorney for Defendants

*IN THE UNITED STATES DISTRICT COURT*

*DISTRICT OF ARIZONA*

| | |
|---|---|
| TM Technologies, Inc, Plaintiff, <br><br> v. <br><br> Hand Technologies, Inc., et al., Defendants. | No. 4:18-CV-286-TUC-JAS <br><br> **HAND TECHNOLOGIES MEMORANDUM RE SERVICE ON TERRANOVA DEFENDANTS** |

The Hand Defendants file this Memorandum pursuant to the court's order at Document 90 with respect to why the counterclaims against TerraNova Capital Partners/ TerraNova Capital Equities ("Terra Nova") should not be dismissed under Rule 4(m). This Memorandum is supported by the following Memorandum of Points and Authorities and the Affidavit of Roy S. McCandless.

Dated: January 9, 2020.

**LAW OFFICE OF LYNN ERIC GOAR, P.C.**

/s/Lynn Goar
LYNN ERIC GOAR

**McCANDLESS & NICHOLSON, PLLC**

**/s/** ROY S. McCANDLESS
Pro Hac Vice

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STANDARD OF REVIEW**

Hand alleged in its Counterclaims three counts against TerraNova.  Hand sent the counterclaims to Terra/Nova, through John Steinmetz one of its managing agents and a Board Member of TM Technologies, asking him to forward the counterclaims to Terra/Nova's attorneys' and have them contact Hand's attorney for service.  McCandless Aff. ¶ 2.

TerraNova did not reply.  McCandless Aff. ¶ 3. The effects of Alan Hand's cancer became aggressively debilitating at the time the counterclaims were filed. At that time, he was hospitalized when bones in his neck broke by his simply turning his head.  Mr. Hand met with Mr. Steinmetz on May 24, 2019 when Mr. Steinmetz visited him at Alan's home. He sought to find a peaceful resolution and chose at that time not to serve Steinmetz with the summons and counterclaims.  McCandless Aff. ¶ 4. Mr. Hand soon entered hospice where all his energies were consumed.  He died October 25, 2019. McCandless Aff. ¶ 5.

**II.    LEGAL ARGUMENT**

    **1.    Good Cause Exist to Allow for Service.**

Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (West Supp. 2000).

"Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice." Oyama v. Sheehan (In re Sheehan), 253 F.3d 507, 513 (9th Cir. 2001) (citations omitted). Although the rule does not contain the discretionary term "may," it requires that, absent good cause, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m) (West Supp. 2000). "… [U]nder the terms of the rule, the court's discretion is broad." Id.

Good cause exists here. Although the first rendition of the counterclaims was filed by Hand in March 2019 and summons issued on March 25, 2019, Alan Hand's losing battle with cancer precipitously accelerated at that time. Attempts were made to secure Terra/Nova's cooperation to accept service. As he declined, Alan Hand sought a more reconciliatory approach and met personally with Mr. Steinmetz in May 2019, and chose not to serve the Counterclaims then as he hoped for resolution before his death. Unfortunately, Hand soon entered hospice (June 2019) and all his energies were spent there in preparation for his demise.

The Second Amended Complaint and Counterclaims was filed October 8, 2019. The

120 day period has passed with respect to the service of these amended counterclaims. Only automatic disclosures have been exchanged due to Mr. Hand's ill health. There is no prejudice to TerraNova as no discovery has taken place. Under such circumstances, the incapacity of Mr. Hand and his death, his efforts to seek resolution on while dying, and his limited ability to assist counsel while in hospice, all are within the court's discretion to allow service on TerraNova at this date.

### III. CONCLUSION

For the reasons stated above the Hand Defendants should be permitted to serve the Terra/Nova Defendants the Second Amended Answer and Counterclaims. In the alternative, Counterclaim Defendants counterclaims against Terra/Nova should be dismissed without prejudice.

Dated: January 9, 2020.

**LAW OFFICE OF LYNN ERIC GOAR, P.C.**

/s/Lynn Goar
LYNN ERIC GOAR

And

**McCANDLESS & NICHOLSON, PLLC**

**/s/** ROY S. McCANDLESS
Pro Hac Vice

Copy mailed January 9, 2020, to:

James S. O'Brien, Jr.
Daniel V. Derby

4

1 | Pryor Cashman LLP
  | 7 Times Square
2 | New York, NY 10036

3 | Kevin M. Sherlock
  | The Law Firm of Heurlin Sherlock
4 | 1636 N. Swan Road, Ste. 200
  | Tucson, AZ 85712-4096